GUILLERMO GANDÍA, Appellant, *v.* THE REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. G-65-18.        Decided February 25, 1966.

212

*Otero Suro & Otero Suro* for appellant.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The Superior Court, Arecibo Part, ordered the protocolization of a holographic will executed by Flora Serrano, also known as María Flora Serrano. Said document, signed on August 24, 1942 reads:

"Will and Testament—I, Flora Serrano, born in Arecibo, Puerto Rico, and a resident thereof, of legal age, single, proprietor, daughter of Ramona Serrano and Máximo Sanches, born in Arecibo, Puerto Rico—hereby declare that I am in full enjoyment of my civil rights and having the necessary legal capacity to execute this will, I am the owner in fee simple of the following urban property: a two-story frame house situated at 26 plazuela monserrate, Arecibo, Puerto Rico, which is nine meters and seventy-five centimeters wide by ten meters and

fifty-seven centimeters long standing on a lot eleven meters and five centimeters wide by eleven meters and forty-seven centimeters long bounded on the southern left side by Ulpiano Crespo and on the rear side by Félix Kraidmon and on the right side by heirs of Manuel Guillan, which I bequeath in favor of Guillermo Gandía Guzmán, a minor, single, born in Arecibo, Puerto Rico, legitimate son of Francisco Gandía Urdas and Juana Guzmán de Gandía, absent, in acknowledgment and as a token of love and affection for the services and favors rendered to me and the friendship existing between him and me and his family and wherefore I bequeath in his favor the aforecited property with all its furniture and free from liens and I entrust him all my debts and illness and funeral expenses to be defrayed from the other property and I devise the remaining amount to him."

Guillermo Gandía requested the registration in his favor of two properties which belonged to the testatrix. He established payment of his inheritance tax. The Registrar denied registration and entered the cautionary notice copied below:

"RECORD IS HEREBY DENIED OF THIS document, which is a copy of deed No. 2 executed in Arecibo on February 14, 1962, before Notary Ismael H. Herrero, Jr., on the protocolization of the holographic will of Flora Serrano, containing the documents described therein and a photostatic copy of said holographic will, to which two petitions, Nos. 1 and 2 are attached, and addressed to the undersigned Registrar requesting the record in favor of Guillermo Gandía of two properties marked (a) and (b) in Petition No. 1; for the following reasons, namely:

"FIRST: Because contrary to the provisions of the will, petitioner Guillermo Gandía requests record, in his favor, under hereditary title, of the aforementioned properties (a) and (b) object of Petition No. 1, in which the distinguished attorneys, Otero Suro & Otero Suro textually state that the testatrix 'designated said Guillermo Gandía as her heir' (Petition No. 1, paragraph 2), when actually such designation of heirship in favor of Gandía or any other person appears nowhere in the will.

"SECOND: Because since the legacy in said will in favor of Gandía is ineffective and void, because the testatrix had

alienated it while still alive, yet this, petitioner Gandía seeks, as it appears from Petition No. 1, and considered in the light of the will, to substitute now that legacy already nonexistent and extinguished and without any legal value (§ 791 Civil Code) for the two aforementioned properties (a) and (b) which he seeks to have recorded in his favor under hereditary title, without it appearing from the face of the will that he is either the heir or legatee of said two properties. The property alienated by the testatrix while still alive is the one she amply describes in her will, consisting of a house and lot in Plazuela Monserrate in Arecibo and which was sold by her to Félix Kraidmon by deed No. 41 executed in Arecibo on May 26, 1953, before Notary Gustavo Zeno Sama, recorded in favor of vendee at folio 60, vol. 212 of Arecibo, property No. 172, 6th entry.

"THIRD: Because the property marked (b) in Petition No. 1 is recorded at folio 48 vol. 261 of Arecibo, property No. 147, 16th entry, in favor of the Puerto Rico Urban Renewal and Housing Corporation, a government agency, under condemnation title, said agency being a different person from the testatrix Flora Serrano, § 20 of the Mortgage Law.

"FOURTH: Because the only thing that petitioner, Guillermo Gandía, could acquire as legatee, under said will is 'the remaining amount" mentioned in the will, after paying the illness and funeral expenses of the testatrix 'from the other properties' since in this respect the will provides and orders as follows: '. . . in acknowledgment and as a token of love and affection for the services and favors rendered to me and the friendship existing between him and me and his family and wherefore I bequeath in his favor the aforecited property with all its furniture and free from liens and I entrust him all my debts and illness and funeral expenses to be defrayed from the other property and I DEVISE THE REMAINING AMOUNT TO HIM.' (Capitals ours.)

"FIFTH: Because said remaining amount mentioned in the will is not a recordable property pursuant to § 2 of the Mortgage Law.

"SIXTH: Because in the proceedings mentioned in the following Petition No. 2 dated August 27, 1965, for protocolization of the holographic will the Superior Court solely and exclusively decides and orders, pursuant to the law of proceedings, the

protocolization of the holographic will of Flora Serrano, without any further pronouncement. Therefore, there is no hereditary right whatsoever which could be entered in this Registry on the basis of the decision of the court concerning the protocolization of the holographic will, as inferred from Petition No. 2 page 3, paragraph 3, since said right does not arise from the face of that decision.

"SEVENTH: Because, in synthesis, the registration requested in favor of petitioner Gandía of both properties (a) and (b) object of Petitions No. 1 and No. 2, does not lie, pursuant to law, either as heir or legatee or by any other legal concept, on the grounds aforestated."

From the preceding note it appears that the denial is mainly grounded on the Registrar's opinion that petitioner is not designated as heir in the protocolized will.

Before considering the question raised in this appeal it is proper to examine the provision of the Civil Code applicable to this case, and our construction thereto in former decisions. It is also convenient to study the construction given to it by the Supreme Court of Spain and by the commentators of the code.

■ Section 617 of the Civil Code (31 L.P.R.A. § 2122) provides that "The testator may dispose of his property either under title of inheritance or under that of legacy. In case of doubt, even if the testator has not actually used the word 'heir', if his will is clear on this point, his disposition shall be valid as made under a title, either universal or of inheritance."

■ Recently, in considering the construction of a will we stated in *Vivaldi* v. *Registrar*, 86 P.R.R. 596 (1962):

"Our case law subscribes to the theory of discarding the sacramental value of words to follow more closely the intention of the testator than their literal meaning. *Luce & Co.* v. *Cianchini*, 76 P.R.R. 155, 161 (1954). As in *Junghanns* v. *Cornell University*, 71 P.R.R. 630 (1950), notwithstanding the use of the words 'devise' and 'bequeath'—which in American

law denote the presence of a legacy—since in the corresponding clause the universality which constituted the hereditary estate and not a specific and definite thing was transmitted, we held that it concerned a designation by universal title and not by specific title, making the party in question an heir which position reveals a clear objectivist criterion in the consideration of the designation. In *Blanch* v. *Registrar*, 59 P.R.R. 726 (1942), we employed the same criterion in expressing that even though the testator used the word 'bequeath' in disposing of all his property, his intention to designate his sister as heir was evident, and it was decided that the appointment was made by the *universum ius*, to which Ferrara refers."

See also *Rivera Padró* v. *Rivera Correa, ante*, p. 195.

Considering the corresponding section of the Spanish Code, § 668, the Supreme Court, in its judgment of January 10, 1920, stated:

"Whereas the provision of § 668 of the Civil Code, and in general, all such provisions of the same Code which refer to the testate succession, express more than anything else that rather than submit to the ritualism of our former law and that of the Roman institutions, today the testator may dispose of his property, wholly or partly, either under title of inheritance or under title of legacy, the situation of those, acquiring as universal or individual successors, depending therefore, not on doctrinary distinctions, often in name only, but rather on what according to reality and justice adjusts to the truth and the laws, provided it is clearly and expressly evident or inferred by logical interpretation that the will of the testator is to transfer his property to a particular person, with the inherent responsibilities and limitations established by the testator, the law, or the preexisting rights in favor of other persons."

▪ Now then, it has been made clear that to prove the real intent "it will be necessary to follow the content which he has wished to give to his provision and to check whether his purpose has been to attribute to a person the universality or a portion of his estate, in which case the latter shall be heir, or one or several particular relations, in which event

he shall be legatee." Ossorio Morales, 169 *Revista General de Legislación y Jurisprudencia* 138, 151, 152 (1941).

Construing this same rule Bonel and Sánchez in 3 *Código Civil Español* 193 state:

"The provision of this section means rather that far from abiding by the ritualism of our ancient law and that provided by the sanctioned Roman institutions, far from having to dispose essentially of the property under universal title in favor of the heir, and departing from the theory sustained by the former in the sense that where there was no designation of heirs no will could exist, and much less, legacies, now the testator may dispose of his property either under title of inheritance or under that of legacy, in such a manner that even where said testator in his last will fails to employ the word heir to signify the person designated as successor, totally or partly, of the property of which he is disposing, provided his will transferring said property to a particular person is clearly and expressly evident, said provision shall be valid and shall be considered as made under universal or hereditary title."

And Manresa in his *Comentarios al Código Civil Español*, vol. 5, p. 404 (1951 ed.) says:

". . . That is, the norm or rule adopted to solve any doubt, is the intention of the testator, which shall be deduced from the tone of the will itself, or clarified by the general principles which we shall hereinafter set forth for the comprehension and interpretation of the last wills."

■ We shall consider the document and its provisions. It must be established that the testatrix has neither ascendants nor descendants. In the will she devised a specific property which petitioner herein has described, but this legacy was ineffective as a result of the alienation of the Property by the testatrix. Civil Code, § 791 (31 L.P.R.A. § 2480). But the document expressly states that she entrusts the person mentioned therein—petitioner herein—"of all my debts and illness and funeral expenses to be defrayed from the other property and I devise the remaining amount to him."

It is evident that the intention of the testatrix is to entrust petitioner herein with the liquidation of all her debts and the expenses resulting from her last illness and funeral and she commended him to defray them from the other property she might have at the time of her death, devising to him the remaining amount after defraying said expenses. The testatrix devised a specific property which she later sold, but also she entrusted him the payment of her debts and the other expenses mentioned, to be paid from her other property, adjudicating the remainder to him. No other person is mentioned in the will. Thus, the testatrix having stated that after the debts and last expenses have been paid she devises the remainder to him, it is evident that her intention was to designate petitioner as universal heir of her estate. It is a designation under universal title.

Applying the principles set forth in the opinions and commentaries aforecited and following the hermeneutic rule contained in the second paragraph of § 617 of the Civil Code, by logical interpretation of the will it is deduced that the last will of the testatrix was to designate petitioner herein as heir with the commission of defraying the expenses mentioned in the will. After defraying them the remainder was for him. The fact that there was no need for selling the property to defray the expenses does not alter the situation.

The Registrar is evidently right in the sense that the registration of the condemned property in favor of petitioner does not lie.

The registrar's note will be reversed and the registration of the property marked (a) in Petition No. 1 in favor of petitioner will be ordered.